IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:08CR0007 SWW |
| | * | |
| | * | |
| NEIL HAVLIK, | * | |
| | * | |
| Defendant. | * | |

ORDER

By Order dated April 21, 2011 [doc.#136], the Court, *inter alia*, denied a *pro se* motion

[doc.#132] of defendant Neil Havlik to disqualify his court appointed attorney, Jerry Larkowski.

The Court noted that defendant is not entitled to a court appointed attorney of his choosing and

no grounds for disqualification of counsel are indicated in defendant's motion.  Defendant did

not, in his motion to disqualify counsel, ask that he be allowed to represent himself.[1]

Subsequently, defendant submitted two other *pro se* motions for filing, one asking the

---

[1] Defendant's motion to disqualify counsel stated in its entirety as follows:

Comes now the defendant, Neil E. Havlik, *pro se,* and moves to dismiss his appointed lawyer Jerry Larkowski for the following reasons:

1. Mr. Larkowski only spoke to me for six minutes at the hearing for bond or detainment.

2. Mr. Larkowski then did not talk to me or accept any of my several calls per day for two months until I arrived at L.A.M.D.C. in California.

3. Mr. Larkowski filed a motion for a mental evaluation without my knowledge and after I expressly ordered him not to.

4. After the mental evaluation when I arrived back in Little Rock he did not see me or accept any of my several calls per day for over fifty days or accept calls from my family then came and saw me for a few minutes and said he would be back to see me again the next week. He never showed up as he had promised and again has not accepted any of my calls.

5. I have twenty-six witnesses, some that need to be found first, and all need to be questioned before trial which is now only three weeks away. There is no way I can get a fair trial under these circumstances.

6. Mr. Larkowski won't ever come get the list of witnesses or talk to me on the phone and I am running out of time as trial date is set for May 7, 2011 and my lawyer has not even discussed possible witnesses with me.

Court to dismiss count one of the indictment and the other asking the Court to dismiss count two of the indictment.  By letter dated May 6, 2011, the Clerk of Court (with this Court's approval) returned these motions to defendant on grounds that he is represented by counsel and any such motion must, *inter alia*, be signed by at least one attorney of record.  The letter stated as follows:

Dear Mr. Havlik:

The enclosed filings that you submitted to our office in the above referenced case have not been filed and are being returned to you since our records indicate that you are represented by counsel, Jerome Larkowski. Local Rule 5.5(c)(1) states:

> *Parties represented by counsel. Every pleading, motion, or other paper (except a pro se motion to discharge an attorney) filed on behalf of a party represented by counsel shall be signed by at least one attorney of record in his or her individual name, and the attorney's address, zip code, and telephone number, and Arkansas Supreme Court identification number, or other Supreme Court identification number, if applicable, shall be stated. It is the duty of each attorney to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address.*

A copy of Local Rule 5.5 is enclosed for your review. By copy of this letter, we are notifying your attorney, Jerome Larkowski, of your submission and the action taken by our office to return this document to you.

Defendant has now submitted the following additional *pro se* motions for filing: (1) "supplement to motion to dismiss for entrapment"; (2) "motion to declare search warrants defective and invalid"; and (3) "motion to dismiss charges due to government repeatedly denying me my constitutional right to represent myself."  The Court has directed the Clerk of Court to return to defendant his "supplement to motion to dismiss for entrapment" and his "motion to declare search warrants defective and invalid" as these motions are not in compliance with Local Rule 5.5(c)(1); defendant is still represented by counsel, Jerome Larkowski.

The Court has, however, directed the Clerk of Court to file defendant's "motion to

2

dismiss charges due to government repeatedly denying me my constitutional right to represent myself." In this motion, defendant is apparently requesting that he be allowed to represent himself in the impending trial against him (although the Court notes that contrary to the assertions therein, the Court did not deny any previous request by defendant to represent himself as defendant made no such request in his motion to disqualify Jerome Larkowski).

The Court will hold a hearing on defendant's request to represent himself on Monday, May 9, 2011, at 9:00 a.m. in Little Rock Courtroom #1D. The Court directs that Mr. Larkowski continue to prepare for trial as though he will still be representing defendant. Should the Court allow defendant to represent himself, the Court will require that Mr. Larkowski be present for the entirety of the trial and related proceedings as stand-by counsel for consultation by defendant.

Following the hearing on defendant's request to represent himself, the trial will commence on Monday, May 9, 2011, at 10:00 a.m. in Little Rock Courtroom #1D, beginning with voir dire.

IT IS SO ORDERED this 6th day of May 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE